UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY MACKALL,

        Plaintiff,                   CIVIL ACTION NO. 05-CV-71351-DT

vs.

                                      DISTRICT JUDGE GEORGE CARAM STEEH

DENNIS KENNEDY,              MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendant's Motion to Dismiss (Docket # 12) should be **GRANTED**.

\*\*\*

This is a prisoner civil rights complaint filed on April 7, 2005 pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff alleges that Defendant Kennedy failed to provide medical treatment for Plaintiff's diabetes and failed to provide Plaintiff with a bottom bunk in a non-smoking unit. On August 19, 2005 Defendant Kennedy filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. Plaintiff has filed no response to Defendant's motion and the case has been referred to the undersigned for all pretrial proceedings.

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

**EXHAUSTION OF REMEDIES**

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners both allege exhaustion in the complaint and "attach to his complaint the disposition(s) of his available administrative remedies." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)(citing *Brown*, 139 F.3d at 1104).

In Plaintiff's Statement of Claim, he fails to specifically aver exhaustion as to the alleged misconduct of Defendant Kennedy. Plaintiff also fails to attach any grievance forms to his complaint. Instead, Plaintiff listed thirty-two grievances which he indicates were denied at each step of the grievance process. This list does not allow the Court to determine if Plaintiff has exhausted his administrative remedies because the Court is unable to ascertain the individual subjects of those grievances or whether those grievances were indeed pursued through all three steps of the MDOC grievance process. Without attaching copies of the grievance forms, Plaintiff has failed to demonstrate that he exhausted his administrative remedies as required under *Baxter*. Under the PLRA, a Plaintiff who fails to allege and demonstrate exhaustion does not state a claim on which relief may be granted and his complaint must

be dismissed. *Baxter*, 305 F.3d at 489.

Accordingly, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) should be **GRANTED** and the instant case dismissed.

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 27, 2005          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **Proof of Service**

  I hereby certify that a copy of this Report and Recommendation was served upon Perry Mackall and Counsel of Record on this date.

Dated: October 28, 2005       s/ Lisa C. Bartlett
                Courtroom Deputy